# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:18-cv-259

| | |
|---|---|
| MARYBEE BROOKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INDABA SCIENTIFIC, INC. )<br>f/k/a PHENIX RESEARCH )<br>PRODUCTS, INC., )<br>)<br>Defendant. ) | **CONSENT PROTECTIVE ORDER** |

## CONSENT PROTECTIVE ORDER AS TO THE PRODUCTION OF CONFIDENTIAL DOCUMENTS

The parties, having consented, hereby respectfully request that the following Protective Order, pursuant to Fed. R. Civ. P. 26(c), be entered upon approval of the Court.

As used herein, the word(s) "document" or "documents" shall be taken to mean (a) all papers, documents, recordings of any kind, and printed materials produced, furnished by, or obtained from Indaba Scientific, Inc. ("Defendant") and/or Marybee Brooks ("Plaintiff") through discovery in this action on or after the date this action was filed; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which quote or reference directly the text of any such papers,

1

documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto, which quote or reference the contents of any such papers, documents, copies, extracts, or summaries.

Further, as used herein, the words "Confidential Documents" shall be taken to mean: (a) all documents containing any trade secrets or proprietary information, including but not limited to documents that contain business information that would place the producing party at a competitive disadvantage should such information be released to a competitor; (b) medical records; (c) personnel and payroll records and files; (d) financial records and data; (e) business records and data; and (f) any other documents specifically designated and clearly marked as "Confidential" by either party.

**IT IS HEREBY ORDERED** that:

1.    All Confidential Documents, together with information contained therein or obtained therefrom, produced by Plaintiff and/or Defendant shall be treated as confidential by all parties to this litigation and shall be used exclusively in connection with this litigation.

2.    No Confidential Documents shall be exhibited, or shown to any person except: (a) named parties and attorneys of record representing named parties in this case; (b) persons employed by such attorneys in the preparation and trial of this case; (c) officers, agents, managers, and employees of Defendant assisting counsel in

preparation of the defense of this action; (d) deposition or potential trial witnesses who already know or have a need to know the content of the document; (e) officials of the Court; and (f) any other individuals with prior written consent by both parties or by order of the Court. Any person to whom disclosure is made shall be furnished with a copy of this Protective Order and shall be subject thereto.

3. Any inadvertently produced document about which a claim of work product or attorney/client privilege is asserted will be returned to its rightful owner, without any copies being made or retained, and will be regarded as not having been produced.

4. If a Party (the "Filing Party") seeks to file a Confidential Document so designated by the Opposing Party (the "Designating Party"), the Filing Party shall consult with the Designating Party regarding whether the document shall be filed under seal with the Court. If the Designating Party requests that the Confidential Document be filed under seal, then the Filing Party shall file the document under seal with an accompanying Motion to Seal the Confidential Document pursuant to and in accordance with Local Rule 6.1.

5. Should either party object to the confidentiality of any document pursuant to this Order, the objecting party may apply to the Court by motion for a ruling that the document shall not be so treated, after giving ten (10) days' written notice of such objection to the other party. Until the Court rules upon such a motion

regarding the confidentiality of a document, the subject document shall be afforded the confidential treatment provided for in this Order.

6. Plaintiff will be entitled to full access to documents produced to Plaintiff and subject to this Order and all copies thereof for review; except that with respect to documents produced by Defendant that contain personnel or medical information regarding current or former employees of Defendant (other than Plaintiff), at all times Plaintiff's counsel will retain sole possession of such documents, including documents containing information derived therefrom and all copies of such documents.

7. Defendant will be entitled to full access to documents produced to Defendant and subject to this Order and all copies thereof for review; provided that, with respect to documents produced by Plaintiff that contain medical information regarding Plaintiff, only those employees of Defendant which require access and/or possession of such documents for purposes of this litigation will be provided such access and/or possession.

8. Prior to making disclosures to experts pursuant to Paragraph 2, counsel shall inform experts that Confidential Documents (and information therein) shall be used for the purpose of the prosecution or defense or this action only, and counsel for the parties shall obtain from such persons a written statement that they have read this Order, agree to be bound by its provisions, and shall comply with its terms and

conditions. Counsel agree to retain in their possession all of the written statements signed by those persons, thereby keeping record of persons to which disclosures are made. All documents, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

9. The ultimate disposition of documents protected under this Order shall be subject to a final order of the Court upon completion of this litigation. Unless otherwise so ordered, at the conclusion of this litigation, all Confidential Documents as defined above, including all copies thereof, shall be returned to either the party who provided the document or destroyed in accordance with the recordkeeping practices of the party.

10. This Order is without prejudice to the right of any party to make a modification or amendment of this Order by further order of the Court upon motion and notice.

Signed: February 8, 2019

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

**CONSENTED TO:**

| | |
|---|---|
| /s/ Philip J. Gibbons, Jr. | /s/ Sabrina Presnell Rockoff |
| Philip J. Gibbons, Jr. | Sabrina Presnell Rockoff |
| N.C. Bar No. 50276 | N.C. Bar No. 28754 |
| | |
| /s/ Craig L. Leis | /s/ Murphy Horne Fletcher |
| Craig L. Leis | Murphy Horne Fletcher |
| N.C. Bar No. 48582 | N.C. Bar No. 44471 |
| | |
| Gibbons Leis, PLLC | McGuire, Wood & Bissette, P.A. |
| 14045 Ballantyne Corporate Place | P.O Box 3180 |
| Ste. 325 | Asheville, North Carolina 28802-3180 |
| Charlotte, North Carolina 28277 | Telephone: (828) 254-8800 |
| Telephone: (704) 612-0038 | srockoff@mwblawyers.com |
| phil@gibbonsleis.com | mfletcher@mwblawyers.com |
| craig@gibbonsleis.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |